UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DANIELLE L. KRAMER O'MARA,

    **Plaintiff,**

v.                                                             **Civil Action No. 2:16cv489**

**VIRGINIA DEPARTMENT
OF CORRECTIONS,**

    **Defendant**

## REPORT AND RECOMMENDATION

Before the Court is Defendant Virginia Department of Corrections' ("VDOC") Motion to Dismiss for Noncompliance with Title VII and accompanying memorandum. ECF Nos. 6-7. Plaintiff Danielle L. Kramer O'Mara filed a Response in Opposition, ECF No. 10, and Defendant filed a Reply to Plaintiff's Response. ECF No. 12. This matter was referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to a Referral Order from the Chief United States District Judge. ECF No. 13; *see also* 28 U.S.C. §§ 636(b)(1)(B); Fed. R. Civ. P. 72(b); E.D. Va. Local Civ. R. 72. After reviewing the briefs, the undersigned makes its report and recommendation on the papers without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 7(J). For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's motion to dismiss, ECF No. 6, be **DENIED**.

### I. PROCEDURAL AND FACTUAL BACKGROUND

After Plaintiff was discharged by VDOC on March 17, 2016, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission's ("EEOC") Norfolk office. ECF No. 1 at 2. The Norfolk Office sent Plaintiff a "Dismissal and Notice of Rights" on June 29, 2016, stating that "the EEOC is unable to conclude that the information obtained

establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge." ECF No. 1, attach. 1.[1] The EEOC did not refer the case to the Attorney General, and consequently the Attorney General neither reviewed the Charge nor issued her own right to sue letter. On August 11, 2016, Plaintiff filed her Complaint in this Court alleging three counts of discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). ECF No. 1.

Defendant filed a Motion to Dismiss on September 23, 2016, arguing that Plaintiff's case should be dismissed because she did not notify the United States Attorney General of her case for review before filing the instant lawsuit. ECF No. 7 at 3. ("Plaintiff did not seek reference of the matter to the U.S. Attorney General."). Defendant relied on 42 U.S.C. § 2000e-5(f)(1) for the proposition that, in this case of a claim against a governmental agency, the Attorney General is required to issue the right to sue letter. *Id.* at 2. Since "VDOC is a department of the Commonwealth of Virginia and a governmental entity," Defendant argued that the Attorney General should have been notified "to consider the merits of this lawsuit against the Commonwealth." *Id.* at 2. Moreover, Defendant contended that the Attorney General needed to review the case to "consider the impact upon federalism before allowing the lawsuit." *Id.* at 2-3. Defendant acknowledged that "[r]eceipt of the U.S. Attorney General's 'right to sue letter' is a condition precedent to a lawsuit but not a jurisdictional requirement." *Id.* at 2.

Plaintiff filed her Memorandum in Opposition on October 3, 2016. Plaintiff relied on 42 U.S.C. § 2000e-5(b) for the proposition that, where the EEOC determines after investigation that no reasonable cause exists to believe that the charge of discrimination is true, it was required to dismiss the charge and issue the right to sue letter. ECF No. 10 at 2-3. Further, Plaintiff relied

---
[1] This "Dismissal and Notice of Rights" letter is commonly referred to as the "right to sue" letter or notice.

on the EEOC's own regulation, 29 C.F.R. § 1601.28(d), for the proposition that "the Attorney General is to issue right to sue letters in all charges against governmental respondents, except in cases which are dismissed without a finding of reasonable cause, in which cases it is the EEOC that issues the right to sue letter." *Id.* at 3-4. On October 8, 2016, Defendant filed a Reply and contended that the Attorney General can issue a right to sue letter after the EEOC has issued one. ECF No. 12 at 3. Defendant suggested that the present case "might follow the same developments" as *Skrobiszewski v. Commonwealth of Virginia*, No. 2:13cv599 (E.D.Va. 2013), where the parties filed a joint motion to stay the proceedings so the plaintiff could obtain a right to sue letter from the Attorney General. *Id.*

## II. ANALYSIS

The competing statutes cited by the parties, 42 U.S.C. § 2000e-5(b) and 42 U.S.C. § 2000e-5(f)(1), on their surface appear to conflict to the extent they identify the responsible entity for issuing a right to sue notice when a charge is made against a governmental entity. 42 U.S.C. § 2000e-5(b) provides in pertinent part:

> Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission, alleging that an employer, employment agency, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer, employment agency, labor organization, or joint labor-management committee (hereinafter referred to as the "respondent") within ten days, and shall make an investigation thereof. Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires. Charges shall not be made public by the Commission. <u>If the Commission determines after such investigation that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action.</u> ...

3

(emphasis added). By this statute, the EEOC is charged with issuing the right to sue letter when it determines after investigation that reasonable cause to believe the charge is true is lacking.

Issuance of the right to sue letter is also delineated in 42 U.S.C. § 2000e-5(f)(1), which provides in pertinent part:

> If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d) of this section, the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge. <u>In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court.</u> The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision. *If* <u>a charge filed with the Commission pursuant to subsection (b) of this section, is dismissed by the Commission,</u> *or* if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, *or* the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, <u>the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge.</u> ...

(emphasis added). By this statutory provision, in light of the multiple disjunctive clauses, it might appear that only the Attorney General is charged with issuing the right to sue letter in all cases involving a governmental entity. Defendant asked the Court to reach this conclusion when it truncated this statute as follows: "If a charge . . . is dismissed by the Commission . . . the Attorney General in a case involving a government . . . shall so notify the person aggrieved and

4

within ninety days after the giving of such notice a civil action may be brought against the respondent named . . . ." ECF No. 7 at 2.

Section (f)(1) of this statute, with its multiple disjunctive clauses setting out various circumstances when an aggrieved party should be given notice of their right to file a civil action, is hardly a model of clarity. Assuming without deciding that Defendant's truncated interpretation of the statute is correct—that only the Attorney General is charged with notifying the aggrieved person of their right to sue—then it conflicts with the (comparatively) straight-forward directive in section (b), which provides: "If the Commission determines after such investigation that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action." Crediting Defendant's interpretation of section (f)(1), then at best the statute itself is ambiguous. Accordingly, the Court must turn to the agency regulations to determine how the agency interprets this statutory provision, applying the *Chevron* deference doctrine. *Chevron, U.S.A., Inc., v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843-44 (1984). Under this doctrine, an agency's interpretation of unclear or ambiguous statutory language is entitled to deference so long as that interpretation is reasonable. *Id.*

The relevant EEOC regulation directed to this issue is 29 C.F.R. § 1601.28(d). This regulation provides:

> (d) Notices of right-of-sue for charges against Governmental respondents. <u>In all cases where the respondent is a government, governmental agency, or a political subdivision, the Commission will issue the notice of right to sue when there has been a dismissal of a charge.</u> The notice of right to sue will be issued in accordance with § 1601.28(e). In all other cases where the respondent is a government, governmental agency, or political subdivision, the Attorney General will issue the notice of right to sue, including the following cases:

5

> (1) When there has been a finding of reasonable cause by the Commission, there has been a failure of conciliation, and the Attorney General has decided not to file a civil action; and
>
> (2) Where a charging party has requested a notice of right to sue pursuant to § 1601.28(a)(1) or (2). In cases where a charge of discrimination results in a finding of cause in part and no cause in part, the case will be treated as a "cause" determination and will be referred to the Attorney General.

(emphasis added). By this regulation the EEOC has interpreted 42 U.S.C. § 2000e-5 to provide that it is the EEOC which is authorized to issue right to sue notices in all cases where it dismisses a charge as unfounded after investigation. In light of the clear directive in section (b) of the statute compared with the muddled disjointed directive in section (f)(1), this interpretation is not unreasonable.

Furthermore, Defendant cited to no authority for the proposition that 29 C.F.R. § 1601.28(d) was either inapplicable or an unreasonable interpretation of 42 U.S.C. § 2000e-5. Instead, Defendant argued that the Plaintiff needed to receive the right to sue letter from the Attorney General based on "the impact of federalism," claiming that VDOC "deserves the benefit of review by the political actor, the U.S. Attorney General..." ECF No. 7 at 3. This is a curious argument, as the EEOC already determined after investigation that no reasonable cause existed for the charge, dismissed it, and issued the right to sue notice. What "benefit" would inure to Defendant by further review by the U.S. Attorney General is not explained. If such review were to have occurred, the Attorney General would either have pursued the charge against Defendant—hardly a benefit to VDOC—or would have issued its own right to sue notice, resulting in the parties being in the same position as they are now. In any event, district courts within the Fourth Circuit have relied on 29 C.F.R. 1601.28(d) and concluded that "[w]hen the EEOC *dismisses* a charge, the EEOC issues the right-to-sue notice," but "[w]hen, however, there has been a finding of reasonable cause by the EEOC, a failure of conciliation, and the Attorney

6

General has decided not to file a civil action, 'the Attorney General will issue the notice of right-to-sue.'" *Kramer v. Bd. of Educ. of Baltimore Cnty*, 788 F. Supp. 2d. 421, 425 (D. Md. 2011) (emphasis in original); *see also, McCurdy v. Virginia Dept. of Corrs.*, No. 2:16CV00017, 2016 WL 7168246, at *4-5 (W.D. Va. Dec. 7, 2016); *Lugo v. City of Charlotte*, 577 F. Supp. 988, 990-91 (W.D.N.C. 1984). Here, the EEOC dismissed the charge because it found no reasonable cause, so under 42 U.S.C. § 2000e-5(b) and 29 C.F.R. § 1601.28(d) it was the proper entity to issue Plaintiff's right to sue letter.

Defendant argued that only section (f)(1), not section (b), applies to government or governmental entities because the world "government" only appears in that section and not in section (b). ECF No. 12 at 1-2. This argument is not persuasive. Section (b) clearly applies to "employers," and Defendant cannot dispute that VDOC was Plaintiff's employer, albeit a government employer. The fact that section (b) refers to "employer, employment agency, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining," and not "government" is easily understood as delineating those types of relationships which fall under the purview of 42 U.S.C. § 2000e-5. VDOC clearly falls under the umbrella of "employer" in sections (b)'s list of employment relationships, its status as a government agency notwithstanding.

Finally, the Court notes that the Fourth Circuit previously has rejected the proposition that section (f)(1) requires a suit be dismissed where the right-to-sue letter was issued by the EEOC rather than by the Attorney General. *Moore v. City of Charlotte, NC*, 754 F.2d 1100, 1104 n.1 (4th Cir. 1985). As the Fourth Circuit found, a Title VII plaintiff "may not be penalized for an EEOC failure to fulfill its statutory duties even if such a failure is presented by the administrative division of responsibility between the EEOC and the Attorney General." *Id.*

7

(citing *Russell v. American Tobacco Co.*, 528 F.2d 357, 365 (4th Cir.1975), *cert. denied*, 425 U.S. 935 (1975)). Plaintiff O'Mara received her right to sue letter from the EEOC, which is sufficient to establish the necessary prerequisite to bring suit.[2]

## III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that Defendant VDOC's Motion to Dismiss, ECF No. 6, be **DENIED**.

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. The Chief United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S.

---

[2] Defendant suggested that the Court could stay proceedings as the Court did in *Skrobiszewski v. Commonwealth of Virginia*, No. 2:13cv599 (E.D. Va. 2013), while Plaintiff sought a right to sue letter from the Attorney General. ECF No. 12 at 3. In *Skrobiszewski*, Plaintiff filed a motion to stay which was granted by the Court; no such motion has been filed here.

9

1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to all counsel of record.

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
February 2, 2017